IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| TAMMY KEITH, | : | |
| | : | |
| Plaintiff, | : | CASE NO. |
| v. | : | 3:13-CV-121 (CAR) |
| | : | |
| EQUIFAX INFORMATION SERVICES, LLC, | : | |
| a Georgia limited liability company; TRANS | : | |
| UNION, LLC, a Delaware limited liability | : | |
| company; and FOUNDERS FEDERAL | : | |
| CREDIT UNION, a foreign company, | : | |
| | : | |
| Defendants. | : | |

## ORDER ON DEFENDANT FOUNDERS FEDERAL CREDIT UNION'S MOTION TO DISMISS

Plaintiff Tammy Keith filed this action asserting claims against Defendants Equifax Information Services, LLC ("Equifax"), TransUnion, LLC ("TransUnion"), and Founders Federal Credit Union ("Founders") for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2(b). Plaintiff seeks damages for injuries she allegedly suffered as a result of Defendants' alleged failure to investigate or reasonably investigate and correct discrepancies in her credit report. Currently before the Court is Defendant Founders' Motion to Dismiss Complaint. Plaintiff, who is represented by counsel, failed to file any response to the Motion. Having considered the Complaint, the Motion, and the applicable law, the Court hereby **GRANTS** Founders' Motion [Doc. 16] and

1

**DISMISSES** Plaintiff's claims against Defendant Founders WITHOUT PREJUDICE. Defendants' Motions to Stay this case pending the Court's ruling on the Motion to Dismiss [Docs. 21 and 22] are **MOOT**.

## BACKGROUND

For purposes of the Motion, the Court accepts all factual allegations in Plaintiff's Complaint as true and construes them in the light most favorable to Plaintiff.

Plaintiff alleges Founders is inaccurately reporting its trade line ("Errant Trade Line") on Plaintiff's Equifax and TransUnion credit disclosures with an erroneous monthly scheduled payment of $152.00.[1] Plaintiff alleges Founders accelerated the payment schedule and closed the account. Thus, the account reflected by the Errant Trade Line is charged off and closed, Plaintiff no longer has an obligation to make monthly payments, and Founders should be reporting the Errant Trade Line with a scheduled monthly payment of $0.00.[2]

Plaintiff contends she obtained copies of her Equifax and TransUnion credit disclosures, noticed the erroneous scheduled monthly payment of $152.00, and sent dispute letters to Equifax and TransUnion explaining that the account reflected by the Errant Trade Line is charged off, and she no longer has an obligation to make monthly payments.[3] "Upon information and belief," Equifax and TransUnion forwarded

---

[1] Complaint ¶ 7 [Doc. 1].
[2] *Id.* at ¶¶ 8-9.
[3] *Id.* at ¶¶10-13.

Plaintiff's consumer dispute to Founders.[4] Having not received Equifax's and TransUnion's investigation results, Plaintiff obtained her credit disclosures which showed Equifax, TransUnion, and Founders "failed or refused to report the Errant Trade Line with a scheduled monthly payment of $0.00."[5]

In Count I, Plaintiff asserts a claim against Founders for negligent violation of the FCRA, 15 U.S.C. § 1681s-2(b), due to Founders' failure to conduct a proper investigation of Plaintiff's dispute, failure to review all relevant information available to it and provided by Equifax and TransUnion, and failure to direct Equifax and TransUnion to report the Errant Trade Line with a scheduled monthly payment of $0.00.[6] In Count II, Plaintiff asserts a claims against Founders for willful violation of the FCRA. Plaintiff alleges Equifax and TransUnion informed Founders that Plaintiff disputed the accuracy of the information Founders was provided, and Founders willfully failed to conduct a proper reinvestigation of Plaintiff's dispute, direct Equifax and TransUnion to report the Errant Trade Line with a scheduled monthly payment of $0.00, and review all relevant information available to it and provided by Equifax and TransUnion.[7] Founders then filed the instant Motion seeking to dismiss Plaintiff's Complaint for failure to state a claim upon which relief may be granted.

---

[4] *Id.* at ¶ 14.
[5] *Id.* at ¶¶ 15 and 16.
[6] *Id.* at ¶¶19-21.
[7] *Id.* ¶¶ 26-27.

## STANDARD OF REVIEW

Rule 8 of the Federal Rules of Civil Procedure requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[8] Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[9] In the same vein, a complaint may not rest on "naked assertions devoid of further factual enhancement."[10] "Factual allegations must be enough to raise a right to relief above the speculative level."[11]

On a motion to dismiss, the Court must accept as true all well-pleaded facts in a plaintiff's complaint.[12] To avoid dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain specific factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[13] A claim is plausible where the plaintiff alleges factual content that "allows the court to draw the reasonable inference that the Bank is liable for the misconduct alleged."[14] The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports a plaintiff's claims.[15]

---

[8] Fed. R. Civ. P. 8(a)(2).
[9] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
[10] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted).
[11] *Twombly*, 550 U.S. at 555.
[12] *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009)
[13] *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).
[14] *Id.*
[15] *Twombly*, 550 U.S. at 556

4

# DISCUSSION

Congress passed the FCRA to protect "consumers from having inaccurate information about their credit status circulated in order to protect their reputation."[16] Under the FCRA, when a debtor disputes the completeness or accuracy of a credit report with a consumer reporting agency ("CRA"), the CRA must promptly notify the furnisher of information of the dispute.[17] Pursuant to section 1681s-2(b), furnishers of information, like Equifax and TransUnion, are required to investigate and promptly respond to notices of consumer disputes. Upon receiving notice of a dispute, the furnisher of information has an affirmative duty to conduct an investigation with respect to the disputed information.[18] If the investigation finds that any information is incomplete or inaccurate, the furnisher must report those results to all CRAs possessing that incomplete or inaccurate information and make any necessary modifications.[19]

Thus, to support a FCRA claim against a furnisher of information like Founders, a private plaintiff must allege that the furnisher received proper written notice of a dispute regarding the completeness or accuracy of information provided by a person to a consumer reporting agency *and* failed to uphold one of its following duties: (1) failed to conduct an investigation with respect to the disputed information; (2) failed to review all

---

[16] *Pinckney v. SLM Financial Corp.*, 433 F. Supp. 2d 1316, 1319 (N.D. GA 2005).
[17] 15 U.S.C. § 1681i(a)(2).
[18] 15 U.S.C. § § 1681s2(b)(1)((A)-(C)).
[19] 15 U.S.C. § 1681s-2(b)(1)(D).

relevant information provided by the consumer reporting agency pursuant to § 1681i(a)(2) of the FCRA; (3) failed to report the results of the investigation to the CRA; or (4) if an item of information disputed by a consumer is found to be inaccurate, incomplete, or cannot be verified after any reinvestigation, failed to modify, delete, or permanently block the reporting of that item of information.[20] Founders contends Plaintiff's claims against it must be dismissed because she has merely conclusively stated the elements of the FCRA claims with no supporting factual allegations. The Court agrees.

First, Plaintiff fails to adequately allege Founders received proper written notice of the dispute about the accuracy of the credit report. "To trigger the furnisher's responsibilities under § 1681s-2(b), . . . the consumer must have notified the furnisher of a dispute about the inaccuracy of the credit report."[21] Here, Plaintiff did not allege that he notified Founders of any inaccuracies in his credit report. According to the Complaint, Plaintiff notified Equifax and TransUnion of the Errant Trade Line and asked them to report the dispute to Founders. CRAs like Equifax and TransUnion have a statutory obligation under the FCRA to forward the disputed information to the furnisher.[22] Plaintiff simply alleges that "[u]pon information and belief," Equifax and TransUnion forwarded Plaintiff's consumer dispute to Founders. However, "for purposes of a Rule

---

[20] *See* 15 U.S.C. § 1681s-2b
[21] *Sampson v. Wash. Mut. Bank*, 453 F. App'x 863, 867 (11th Cir. 2011) (per curiam).
[22] *See* 15 U.S.C. § 1681i(a)(2).

6

12(b)(6) motion to dismiss, we do not have to take as true allegations based merely 'upon information and belief.'"[23]

Even if the Court takes the allegations as true and assumes Plaintiff adequately pled that Founders had notice of the dispute, Plaintiff fails to allege any factual allegations to show Founders failed to uphold its statutory duties after receiving such notice. Plaintiff merely asserts the conclusions that Founders failed to conduct an investigation, failed to review any information, and failed to report the results of its investigation to the credit bureaus. Plaintiff alleges absolutely no facts to establish how Founders failed to conduct an investigation, failed to review any information, or failed to report the results. In short, Plaintiff alleges only "a formulaic recitation of the elements" of a § 1681s-2(b) FCRA claim which is insufficient to state a claim.[24]

## CONCLUSION

For the reasons explained above, Founders' Motion to Dismiss [Doc. 10] is **GRANTED**. Plaintiff's claims against Founders are hereby DISMISSED WITHOUT PREJUDICE. Defendants' Motions to Stay [Docs. 21 and 22] this case pending the Court's ruling on the Motion to Dismiss are **MOOT**. This case will proceed against Defendants Equifax and TransUnion.

---

[23] *Smith v. City of Sumiton*, 578 F. App'x 933, 934, n.4 (11th Cir. 2014) (quoting *Mann v. Palmer*, 713 F.3d 1306, 1315 (11th Cir. 2013)).
[24] *Twombly*, 550 U.S. at 555.

7

**SO ORDERED,** this 8th day of February, 2019.

S/ C. Ashley Royal  
C. ASHLEY ROYAL, SENIOR JUDGE  
UNITED STATES DISTRICT COURT